Case 4:17-cv-01828   Document 15   Filed on 01/09/18 in TXSD   Page 1 of 10

United States District Court
Southern District of Texas
**ENTERED**
January 09, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Steven Charles Rathbone, Independent Executor of the Estate of William M. Rathbone, | § § § § | |
| *Plaintiff/Counter-Defendant,* | § § | |
| v. | § § | Civil Action No. 4:17-cv-1828 |
| The Bank of New York Mellon, as Co-Trustee for RML Trust 2013-2, | § § § § | |
| *Defendant/Counter-Plaintiff.* | § | |

## **REPORT AND RECOMMENDATION**

Pending before this Court is The Bank of New York Mellon's ("BONY" or "Defendant") motion to dismiss.[1] BONY seeks an order dismissing the Complaint, asserting that Plaintiff is neither the executor of the estate of William Rathbone (the "estate") nor licensed to practice law, and therefore Plaintiff lacks the capacity to bring this action as a *pro se* plaintiff on behalf of the estate or other heirs. ECF No. 13. The Plaintiff has failed to respond. The Court finds that Defendant's motion has merit and should be granted.

### I.   BACKGROUND

Plaintiff Steven Charles Rathbone filed his original petition in state court,

---

[1] On October 6, 2017, United States District Judge Keith P. Ellison referred this case for all pretrial proceedings pursuant to 28 U.S.C. 636(b)(1) Order of Referral, ECF No. 11.

1

*pro se,* on behalf of himself and the estate of William Rathbone. Plaintiff asserts claims that arise out of a note (home equity conversion mortgage) and deed of trust that were issued in the name of William Rathbone and his wife, Betty Rathbone, both of whom are deceased. ECF No. 1 at 3-4, ECF No. 6 at 1.[2] BONY is the assignee of the mortgage. ECF No. 13 ¶1, ECF No. 6 at ¶ 2, ECF No. 1 at ¶ 9.

Plaintiff's various claims are based on the contention that William Rathbone was not of sound mind and, therefore, lacked the capacity to enter a contract to mortgage his home at the time he executed the note. Consequently, Plaintiff claims that the note is a voidable contract. He seeks a declaratory judgment that the note is void. *Id.* at 13-14. Plaintiff also asserts that BONY's claims on the note were time-barred and any lien on the Property is void. *Id.* at 14-15. Plaintiff also seeks a declaratory judgment that he is entitled to exclusive possession of the Property and owns the Property in fee simple. *Id.* at 15-18.

BONY removed this case to federal court on the basis of diversity jurisdiction. ECF No. 1. Defendant then filed a verified motion to show authority, claiming that Plaintiff lacks the capacity to bring this action *pro se* on behalf of the estate or other heirs. ECF No. 6. Plaintiff responded and requested an abatement to cure any defect in capacity. ECF No. 10. The Court abated the case, allowing Plaintiff until November 28, 2017 to cure the deficiencies. ECF No. 12. Plaintiff

---

[2] The note and deed of trust are for real property located at 15806 Diana Lane, Houston, Texas 77062 ("the Property"). ECF Nos. 1-2 at 1-44.

2

failed to cure any of the deficiencies.[3] After the Court-ordered deadlines passed without any cure, Defendant filed its motion to dismiss. Plaintiff has not responded.

## II. PLAINTIFF LACKS CAPACITY TO SUE ON BEHALF OF THE ESTATE OR OTHER HEIRS

Defendant challenges Plaintiff's capacity to sue on behalf of the estate because (1) he has not been appointed its legal representative, and (2) he is a non-lawyer appearing *pro se* when there are other heirs and BONY is a creditor of the estate, precluding *pro se* representation. Defendant's arguments have merit.

### A. The Estate Has Standing to Assert Claims Based on the Note and Deed, But Lacks Capacity to Sue

Under Rule 17, the issue of capacity must be decided under Texas law. Fed. R. Civ. P. 17(a) & (c). Standing and capacity are often confused. *Rodgers v. Lancaster Police & Fire Dep't*, 819 F.3d 205, 212 n.18 (5th Cir.) *cert. denied*, 137 S. Ct. 304, *reh'g denied*, 137 S. Ct. 545 (2016). "A plaintiff must have *both* standing and capacity to bring a lawsuit." *Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 848 (Tex. 2005) (citation omitted) (emphasis added). Standing focuses on whether a party has a sufficient relationship with the lawsuit so as to have a "justiciable interest" in its outcome, whereas capacity "is conceived of as a

---

[3] Specifically, Plaintiff has failed to show that he or the estate has retained counsel, and no counsel has appeared to represent the estate. Plaintiff has neither amended his complaint to allege any claims on his own behalf, or allege that the estate has been probated and the probate court has appointed a representative for the estate.

3

procedural issue dealing with the personal qualifications of a party to litigate." *Id.* (citing 6A Charles Alan Wright et al., Federal Practice and Procedure: Civil § 1559, at 441 (2d ed.1990)). "A plaintiff has *standing* when [he] is personally aggrieved, regardless of whether [he] is acting with legal authority; a party has *capacity* when [he] has the legal authority to act, regardless of whether [he] has a justiciable interest in the controversy." *Lovato*, 171 S.W.3d at 848-49 (emphasis added).

### 1. *The estate has standing*

It is undisputed that the mortgage and deed for the Property were issued to William and Betty Rathbone. ECF No. 1 at 3-4, ECF No. 6 at 1. Any claims for breach of contract or other defenses to enforceability belong to them as the parties to the contract. *Neese v. Lyon*, 479 S.W.3d 368, 378 (Tex. App.—Dallas), *reconsideration en banc denied* (Nov. 19), *reh'g overruled* (Nov. 19, 2015) (voidable contract is valid and effective unless and until the party entitled to avoid it takes steps to disaffirm it.); Temple EasTex, Inc. v. Old Orchard Creek Partners, Ltd., 848 S.W.2d 724, 730 (Tex. App.—Dallas 1992, writ denied) ("Generally, only parties to a contract have the right to complain of its breach."); *see* Restatement (Second) of Contracts § 7 (Am. Law Inst. 1981) ("A voidable contract is one where one or more parties have the power, by a manifestation of election to

4

do so, to avoid the legal relations created by the contract, or by ratification of the contract to extinguish the power of avoidance.").

Thus, the estate would have standing to sue to void the note and deed of trust.[4] *Glickstein v. Sun Bank Miami,* 922 F.2d 666, 670 (11th Cir. 1991) (estate had standing to assert claim against trustee bank for plundering estate's assets); *Lovato*, 171 S.W.3d at 850 (estate had justiciable interest to confer standing in survival action). Although the estate has standing, it is not a legal entity and therefore does not have capacity to sue. *Rodgers*, 819 F.3d at 210. Thus, the estate is not a proper plaintiff to bring this suit.

### 2.   *Plaintiff does not have capacity to sue as the personal representative*

Because an estate lacks capacity to sue or be sued, the law grants another party the capacity to sue on the estate's behalf. *Id.* (quoting *Lovato*, 171 S.W.3d at 849). Ordinarily, only a personal representative is entitled to sue for recovery of the estate's property. *See Lovato*, 171 S.W.3d at 850. Although Plaintiff alleges in the Complaint that he is the personal representative of the estate, ECF No. 1-2 at ¶ 2, he has admitted that the estate was never probated and no court has appointed him as the estate's representative; consequently, he asked for an abatement to cure this deficiency. ECF No. 10 at ¶ 1. Since the abatement, Plaintiff

---

[4] The Texas Code defines "'property' to mean real and personal property." Tex. Gov't Code Ann. § 311.005 (West). "'Personal property'" includes an interest in (1) goods; (2) money; (3) a chose in action; (4) an evidence of debt; and (5) a real chattel." Tex. Est. Code Ann. § 22.028 (West); *Lovato*, 171 S.W.3d at 850 (citing previous version of the Texas Probate Code).

has not filed any document to show that he has been appointed the personal representative of the estate. Defendant asserts that Plaintiff has not been appointed. ECF No. 13 ¶ 9. Thus, Plaintiff continues to lack capacity to sue as the personal representative.

### B. Plaintiff Cannot Represent the Estate *Pro Se*

BONY also challenges Plaintiff's ability to represent the estate or other heirs *pro se*.

The right to appear *pro se* in federal court is limited to an individual party conducting his own case and "those not licensed to practice law may not represent the legal interests of others." *Rodgers,* 819 F.3d at 210, n.11 (citing *Weber v. Garza*, 570 F. 2d 511, 514 (5th Cir. 1978) and *Guajardo v. Luna*, 432 F. 2d 1324 (5th Cir. 1970)); *Smith v. Select Portfolio Servicing, Inc.*, No. 9:15-CV-61, 2017 WL 691000, at *5 (E.D. Tex. Jan. 31), *adopted*, 2017 WL 679742 (E.D. Tex. Feb. 21, 2017) (same); *see* 28 U.S.C. § 1654 (parties in federal cases are authorized to "plead and conduct their own cases personally or by counsel.").

In a case of first impression, the Fifth Circuit held that a "person with capacity under state law to represent an estate in a survival action may proceed *pro se* if that person is the *only beneficiary* and the estate has *no creditors*." *Rodgers,* 819 F.3d at 210 (emphasis added). The purpose of the rule is to protect third parties from having an ill equipped non-lawyer squander their rights away. *Id.*

6

(citing *Bass v. Leatherwood*, 788 F.3d. 228, 230-31 (6th Cir. 2015)). Because the risk of waiver or abandonment of an issue is high, the courts will not allow a *pro se* litigant to represent another person. *Id.* at 210 (citing *Guest v. Hansen,* 603 F.3d 15, 19-21 (2nd Cir. 2010)).

Plaintiff admits that he is not a lawyer. ECF No. 10 at ¶ 2. In fact, a search of the Texas State Bar website does not contain any lawyer with Plaintiff's name.[5] Since the abatement, no attorney has filed an appearance on behalf of the estate. Plaintiff also admits that he is not the only heir. *Id.* at ¶ 3. Moreover, it is undisputed that Plaintiff sues BONY as a creditor of the estate. ECF No. 1; ECF No. 13 ¶ 11. Thus, Plaintiff cannot assert a *pro se* case on behalf of the estate because other heirs and at least one creditor exist. *See Rodgers,* 819 F.3d at 210; *see also Smith*, 2017 WL 691000, at *5 (dismissing claims that the plaintiffs asserted *pro se* on behalf of their mother's estate); *Shamsid-Deen v. Texas*, No. 3:13-cv-3414, 2014 WL 1917579, at *2 (N.D. Tex. May 13, 2014) (dismissing without prejudice any claims that the plaintiff sought to pursue *pro se* on behalf of his family or the estate); *Chapman v. Baylor Univ. Med. Ctr.*, No. 3:12-cv-2117, 2012 WL 6866935, at *2 (N.D. Tex. Oct. 1, 2012) (holding that the plaintiff could not bring her *pro se* case on behalf of her mother's estate).

---

[5] *See* State Bar of Texas, https://www.texasbar.com/AM/Template.cfm?Section=Find_A_Lawyer&Template=/CustomSource/MemberDirectory/Result_form_client.cfm (last visited Jan. 8, 2018).

Defendant asks the Court to dismiss the estate's claims with prejudice. ECF No. 13 ¶ 11. However, since the Plaintiff had no capacity to sue on its behalf, the estate's claims should be dismissed without prejudice. *See, e.g., Shamsid-Deen*, 2014 WL 1917579, at *2.

### III. PLAINTIFF'S INDIVIDUAL CLAIMS SHOULD BE DISMISSED WITH PREJUDICE

Pursuant to Rule 12(b)(6), Defendant seeks dismissal with prejudice of the Plaintiff's individual claims. When proceeding *pro se*, Plaintiff only has the authority and standing to bring causes of action for injuries *he suffered individually*. *Rodgers,* 819 F.3d at 210. Even taking the Plaintiff's allegations as true, there are no pled facts to support any cause of action asserted for Plaintiff individually, much less that he has personally suffered an injury that is "both 'concrete and particularized.'" *See Smith*, 2017 WL 691000, at *5-6 (quoting *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180 (2000)) (citing *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1545(2016)). Article III requires the plaintiff to have a direct, personal stake in the outcome of the suit, and he has not stated facts indicating that this requirement is met as to the claims he asserted individually. *See id.* at *6 (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).

At Plaintiff's request, the Court previously abated the case to allow him to cure the deficiencies and permitted Plaintiff to amend his pleading to allege his

individual claims, but he failed to file an amended pleading. Because the Plaintiff has not alleged any facts supporting his individual injury, granting leave to amend would be an exercise in futility. *See Brewster v. Dretke,* 587 F.3d 764, 767-68 (5th Cir.), *cert. denied,* 560 U.S. 944 (2010) (citing *Bazrowx v. Scott,* 136 F.3d 1053, 1054 (5th Cir. 1998) (per curiam)) (generally, a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed); *Smith,* 2017 WL 691000, at *6 (same). Thus, Plaintiff's individual claims should be dismissed with prejudice.

## IV.   CONCLUSION

The Court **RECOMMENDS** that Defendant's Motion to Dismiss be **GRANTED** as follows:

1. The Estate of William M. Rathbone's claims should be dismissed without prejudice.

2. Steven Rathbone's individual claims should be dismissed with prejudice.

All other relief should be **DENIED.**[6]

---

[6] In its prayer for relief, Defendant seeks an award of attorneys' fees. ECF No. 13 at 5 ¶ 4. Because Defendant fails to brief the factual or legal basis supporting its entitlement to attorneys' fees in the motion to dismiss, the Court will not consider it. *Univ. Loft Co. v. Blue Furniture Sols., LLC,* No. 15-CV-826, 2017 WL 876312, at *5 (W.D. Tex. Mar. 3, 2017) (court did not decide argument raised in motion to dismiss that rested on facts that the parties had not briefed); *cf. Bain Enterprises, LLC v. United Fire & Cas. Co.,* No. EP-14-CV-00472-ATB, 2017 WL 3142472, at *7 (W.D. Tex. July 25, 2017) (citing *Castro v. McCord,* 259 Fed.Appx. 664, 666

The Parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Failure to file timely objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *Ortiz v. San Antonio Fire Dep't,* 806 F.3d 822, 825 (5th Cir. 2015).

Signed on January 9, 2018, at Houston, Texas.

_____
**Dena Hanovice Palermo**
**United States Magistrate Judge**

---

(5th Cir. 2007) and *Tsolmon v. United States*, 2015 WL 5093412, at *9 (S.D. Tex. 2015)) (court deemed argument waived when party failed to cite factual or legal authority).